# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

TERRY SCHULENBERG,        )
                          )
        Plaintiff,  )
                          )
vs.                       )       NO. CIV-16-623-HE
                          )
BNSF RAILWAY COMPANY,     )
                          )
        Defendant.  )

## ORDER

In this case, plaintiff initially asserted three claims. Two of them were based on the Federal Employers' Liability Act ("FELA"), 45 U.S.C. §§ 51–60. One was based on the Locomotive Inspection Act ("LIA"), 49 U.S.C. §§ 20701–20703. Plaintiff has since abandoned his cumulative trauma claim under FELA and his LIA claim. That leaves for resolution plaintiff's single-event FELA negligence claim. As to that claim, plaintiff asserts that he suffered serious bodily injury and/or the aggravation of a preexisting condition as a result of defendant's negligence in maintaining the track over which the locomotive in which he was riding traveled.[1] Defendant has filed a motion for summary judgment as to the remaining claim. It argues plaintiff has not presented any evidence that it was negligent and that the claim is precluded by the Federal Railroad Safety Act ("FRSA").

---

[1] *Plaintiff initially asserted the condition of the locomotive as part of the basis for his negligence claim, but has abandoned that basis.*

Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). "A genuine dispute as to a material fact exists when the evidence construed in the light most favorable to the non-moving party, is such that a reasonable jury could return a verdict for the non-moving party." Carter v. Pathfinder Energy Servs., Inc., 662 F.3d 1134, 1141 (10th Cir. 2011) (quotation and citation omitted). Having considered the parties' submissions in light of this standard, the court concludes that the motion should be granted.

The background facts are largely undisputed. Plaintiff claims that he was injured on January 11, 2014, when the locomotive he was working in, as engineer, "bottomed out." He asserts the bottoming out and his resultant injuries were the result of the condition of the track over which the locomotive traveled.

It is undisputed that the track in question was classified as a Class 4 track and that, as a result, it was subject to an internal 55 mph speed limit. It is also undisputed that, on January 11, 2014, the section of track in question was under a "slow order" limiting freight speed to 40 mph, the maximum speed for a Class 3 track. Plaintiff testified, and defendant does not challenge, that he was traveling 38 mph at the time of the incident.

Plaintiff reported the incident to defendant after completing his trip to Tulsa. In response to the incident report, defendant lowered the maximum allowable speed to 25 mph (the maximum freight speed for a Class 2 track) and had the track inspected. Sometime after the inspection, the maximum speed was raised back up to 40 mph.

The track inspector reported a one and five-eighths (1 5/8ths) inch deflection or dip in the pertinent section of track. Under the applicable Federal Railroad Administration regulations, Class 4 track has a maximum permissible deviation of 2 inches. 49 C.F.R. § 213.63. Class 3 and Class 2 tracks have permissible deviations of 2 1/4 inches and 2 3/4 inches respectively. *Id.* Therefore, assuming the accuracy of the deflection as measured by the inspector, the involved track met the standards for Class 4 track and, of course, met the more relaxed standard for the Class 3 designation under which it was operating at the time.

As noted above, plaintiff's claim is one for negligence. "Every common carrier by railroad . . . shall be liable in damages to any person suffering injury while he is employed by such carrier . . . for such injury or death resulting in whole or in part from the negligence of [] of the . . . carrier, or by reason of any defect or insufficiency, due to its negligence, in its . . . track [or] roadbed." 45 U.S.C. § 51. Defendant argues that plaintiff is unable to introduce any evidence that it was negligent.

Plaintiff asserts that the track was not properly inspected or maintained. However, the FRA inspection and industry maintenance records support defendant's contention that the track in question complied with all necessary regulations. *See* Doc. Nos. 38-4, pp. 1-3; 51-7, pp. 1-7. Largely through the hoped-for testimony of its expert witness, Mr. Blackwell, plaintiff argues that the deposition testimony of the track inspector somehow shows that federal inspection standards were not followed. As addressed more fully in the court's <u>Daubert</u> order as to Mr. Blackwell, that conclusion is not supported by the inspector's testimony and is, in fact, contrary to it. It is true that the inspector testified he

did not have a specific recollection of the testing that he did three years ago, but there is nothing in his description of his standard testing methods to suggest that he deviated from the applicable standards here. Based on the same somewhat tortured characterization of the inspector's testimony, plaintiff goes on to argue there was some sort of effort to falsify federally-mandated reports to the extent they are inconsistent with plaintiff's arguments. The court is unpersuaded. Plaintiff's arguments do not constitute evidence which would support an inference of negligence in the inspection process. And plaintiff has offered no other evidence which would support an inference that the deflection/dip in the track was different from that reported by the inspector.

Plaintiff also asserts that defendant's negligence is shown based on non-compliance with an internal BNSF policy regarding train inspections and the protocol for using track maintenance notes. It bases the claim on deposition testimony obtained in a Missouri state court action. However, plaintiff ignores the fact that such notes were referenced by defendant's inspector here. The inspector testified that any notes he would have taken during an inspection he would then "pass on" instead of retaining them in his personal records, and that he believed that electronic track notes were in use at the time of the incident. Doc. # 51-3, p. 12. The track owner must maintain inspection records "for at least one year after the inspection covered." 49 C.F.R. § 213.241(b). That the inspector did not have a personal copy of notes or his inspection over three years after the incident does not raise a genuine issue of material fact regarding defendant's alleged negligence.

To the extent that plaintiff otherwise relies on any conclusion of its proposed expert, Mr. Blackwell, to establish negligence, the court has separately excluded his testimony.

4

The net result is that plaintiff has not submitted evidence sufficient to support an inference of negligence in the maintenance or inspections of the section of track at issue here. Defendant is therefore entitled to judgment as a matter of law.

Accordingly, defendant's Motion of Summary Judgment [Doc. #39] is **GRANTED.**
**IT IS SO ORDERED**.

Dated this 15th day of December, 2017.

JOE HEATON
CHIEF U.S. DISTRICT JUDGE